NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
30552
14-OCT-2010
08:26 AM**

NO. 30552

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
EMMANUEL NIIHAU, JR., Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CR. NO. 10-1-0164K)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Nakamura, C.J., Fujise and Ginoza, JJ.)

Upon review of the record, we lack jurisdiction over the appeal that Defendant-Appellant Emmanual Niihau, Jr. (Appellant), asserts from the Circuit Court of the Third Circuit's[1] May 12, 2010 order approving Plaintiff-Appellee State of Hawaii's motion for nolle prosequi without prejudice as to all counts (hereinafter "the May 12, 2010 dismissal order"). The May 12, 2010 dismissal order is not appealable under Hawai'i Revised Statutes (HRS) § 641-11 (Supp. 2009), HRS § 641-17 (Supp. 2009), or the collateral order exception under the holding in

---

[1] The Honorable Elizabeth A. Strance Presiding.

State v. Baranco, 77 Hawai'i 351, 354-55, 884 P.2d 729, 732-33 (1994).

"In a circuit court criminal case, a defendant may appeal from the judgment of the circuit court, see HRS § 641-11 (1993), from a certified interlocutory order, see HRS § 641-17 (1993), or from an interlocutory order denying a motion to dismiss based on double jeopardy." State v. Kealaiki, 95 Hawai'i 309, 312, 22 P.3d 588, 591 (2001) (citation omitted). None of these three types of appeals applies to the instant case.

With respect to HRS § 641-11, "[a]ny party deeming oneself aggrieved by the judgment of a circuit court in a criminal matter, may appeal to the intermediate appellate court, subject to chapter 602 in the manner and within the time provided by the rules of the court." HRS § 641-11. "The sentence of the court in a criminal case shall be the judgment." Id. Thus, where there is "no conviction and sentence" in a criminal case, "there can be no appeal under HRS § 641-11[.]" State v. Kealaiki, 95 Hawai'i at 312, 22 P.3d at 591. In the instant case, the circuit court has not entered a conviction and sentence. Therefore, the May 12, 2010 dismissal order is not appealable under HRS § 641-11.

A circuit court may certify an interlocutory order for an appeal "whenever the judge in the judge's discretion may think the same advisable for a more speedy termination of the case." HRS § 641-17. The circuit court has not certified the May 12, 2010 dismissal order for an interlocutory appeal pursuant to HRS § 641-17. Therefore, the May 12, 2010 dismissal order is not

appealable under HRS § 641-17.

Finally, as an exception to HRS § 641-11 and HRS § 641-17, the supreme court held "that the collateral order exception to the final judgment rule permits an interlocutory appeal of an order denying a pretrial motion to dismiss an indictment on double jeopardy grounds." State v. Baranco, 77 Hawai'i at 355, 884 P.2d at 733. The May 12, 2010 dismissal order is not an interlocutory order denying a motion to dismiss based on double jeopardy. Therefore, the May 12, 2010 dismissal order does not satisfy the collateral order exception under the holding in Baranco.

Absent an appealable judgment or order, this court lacks jurisdiction over Appeal No. 30552. Therefore,

IT IS HEREBY ORDERED that this appeal is dismissed for lack of jurisdiction.

DATED: Honolulu, Hawai'i, October 14, 2010.

Chief Judge

Associate Judge

Associate Judge

-3-